IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES JONES AND KATHERINE JONES,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-3929-L** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., TRUST 2006-HE2, and AMERICA'S SERVICING COMPANY,** | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment (Doc. 31), filed January 3, 2014; and Defendants Wells Fargo Bank, N.A. and Deutsche Bank National Trust Company's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 41), filed February 18, 2014. After carefully considering the motions, briefs, evidence, record, and applicable law, the court **grants** Defendants' Motion for Summary Judgment (Doc. 31); **denies as moot** Defendants Wells Fargo Bank, N.A. and Deutsche Bank National Trust Company's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 41); and **dismisses with prejudice** this action.

**I.     Factual and Procedural Background**

This case involves an attempted foreclosure on real property located at 4041 Parker Lane, Midlothian, Texas 76065 ("Property"). The case was originally brought September 4, 2012, by Plaintiffs Charles and Katherine Jones ("Plaintiffs") in the 40th Judicial District Court, Ellis County,

Texas, against Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for Morgan Stanley Capital I Inc. Trust 2006-HE2, and America's Servicing Company ("ASC") (collectively, "Defendants"). The case was removed to federal court on September 28, 2012. Before the case was removed, Plaintiffs sought, and the state court entered, a temporary restraining order that prevented Defendants from foreclosing on the Property before October 1, 2012.

On November 5, 2012, Defendants moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Briefing on the motion to dismiss was completed on May 17, 2013. On June 19, 2013, the magistrate judge assigned to this case determined that Plaintiffs had failed to state claims upon which relief could be granted but recommended that Plaintiffs be given an opportunity to amend their pleadings. The court allowed Plaintiffs to amend.

In their First Amended Complaint ("Amended Complaint"), filed July 9, 2013, Plaintiffs assert quiet title and trespass to try title claims and seek relief in the form of a declaratory judgment. Plaintiffs contend that Defendants' claim to title in or lien on the Property is invalid and the assignments transferring the Property to Deutsche is void because of alleged irregularities or deficiencies in the negotiation of the note ("Note") and the assignments of the Note, deed of trust ("Deed of Trust"), or both. Plaintiffs therefore maintain that Defendants do not have any right or title to the Property or authority to foreclose on the Property, and they seek a declaration to this effect. Plaintiffs also seek a refund of all payments made by them under the Note, attorney's fees, prejudgment interest, and postjudgment interest. In their summary judgment and Rule 12(c) motions, Defendants contend that Plaintiffs' Amended Complaint fails to cure the deficiencies in their prior pleadings.

## II. Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment

evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**III.     Undisputed Facts**

On December 23, 2005, Plaintiffs executed a Note in the amount of $180,000 payable to WMC Mortgage Corporation ("WMC"). The Note was secured by the Property. With the execution of the Note, Plaintiffs also executed a Deed of Trust. On October 3, 2011, Mortgage Electronic Registration Systems, Incorporated ("MERS"), as nominee for WMC and WMC's successors and assigns, assigned the Deed of Trust to Deutsche Bank. Plaintiffs' last payment under the Note was made on October 2, 2011, and was credited toward their July 1, 2011 payment.

Wells Fargo Bank, N.A. d/b/a ASC became the mortgage servicer for Plaintiffs' loan in March 2006. On May 8, 2012, ASC notified Plaintiffs that their loan was in default for failure to make payments timely. ASC advised Plaintiffs that their loan would be accelerated and foreclosure proceedings would be initiated if the payments under the loan were not brought current by June 11, 2012. As of May 8, 2012, the total amount of arrears under Plaintiffs' loan was $16,229.42. On August 1, 2012, mortgage servicer ASC notified Plaintiffs that their mortgage had been accelerated and a nonjudicial foreclosure sale was scheduled for September 4, 2012, the date Plaintiffs ultimately filed suit in state court and sought injunctive relief to prevent Defendants from foreclosing on the Property. Thereafter, Plaintiffs remained in possession of the Property without making loan payments.

## IV. Analysis

### A. Quiet Title and Trespass to Try Title

To prevail on a trespass to title claim, a plaintiff usually must: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). A plaintiff must also "recover on the strength of his own title" and cannot rely on the weaknesses of the defendant's title. *Id.* In other words, a plaintiff must prove his "right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 521 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The elements of the cause of action to quiet title are: (1) an interest in a specific property; (2) title to the property that is affected by a claim by the

**Memorandum Opinion and Order - Page 5**

defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied). A plaintiff has the burden of establishing his "superior equity and right to relief," and like a suit for trespass to try title, a plaintiff must rely on the strength of his or her own title, not the weaknesses of the defendant's title. *See Hahn*, 321 S.W.3d at 532.

Plaintiffs' quiet title and trespass to try title claims are based on their contention that the assignments of the Note or Deed of Trust to Deutsche Bank are void or ineffective. Plaintiffs contend that the assignments are void or ineffective because: (1) the assignments of the Note, Deed of Trust, or both were not done in the manner prescribed by the Pooling and Servicing Agreement ("PSA"); and (2) the Note, a negotiable instrument, was improperly negotiated through void assignments. Plaintiffs therefore contend that Deutsche Bank never obtained an interest in and lack authority to foreclose on the Property because of a defect in the chain of title. Plaintiffs also maintain that Defendants lack authority to foreclose on the Property because Deutsche Bank is not the "Lender" as that term is defined by the Deed of Trust.

Defendants contend that they are entitled to judgment on Plaintiffs' claims because there was no violation of the PSA, and any such violation would only render the assignment voidable. Defendants further assert that the summary judgment evidence establishes that the Deed of Trust was assigned to Deutsche Bank and, as a result, either Deutsche Bank, as the mortgagee, or ASC, as the mortgage servicer, had authority to initiate and conduct a nonjudicial foreclosure of the Property under Texas law.[*]

---

[*] In their Amended Complaint, Plaintiffs added a claim for trespass to try title that was not previously included in their Original Petition; however, the findings and conclusions entered by the magistrate judge on June 19, 2013, which were accepted by this court, only recommended that Plaintiffs be allowed to replead to cure deficiencies in their existing

**Memorandum Opinion and Order - Page 6**

### 1. Failure to Comply with Pooling and Servicing Agreement

The bulk of Plaintiffs' Amended Complaint and response to Defendants' summary judgment motion is devoted to their contention that the assignments at issue are void or ineffective because certain requirements or procedures pertaining to assignments in the PSA were not met. In *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013), the court addressed this issue and concluded that assignments are not rendered void, even if they violate a pooling and servicing agreement. This is so regardless of whether the mortgagors can establish third-party beneficiary status under the PSA. *Id.* Accordingly, Plaintiffs have failed to raise a genuine dispute of material fact as to their quiet title and trespass to try title claims based on alleged violations of the PSA.

### 2. Requirements Applicable to Negotiable Instruments

Plaintiffs' second basis for disputing the assignments fares no better. Plaintiffs contend that the transfer or assignment of the Note was ineffective because Defendants failed to comply with the Texas Business & Commerce Code pertaining to negotiation and transfer of a negotiable instrument, which requires transfer or possession of an endorsed instrument. Defendants counter that Plaintiffs' contentions in this regard are akin to a "split-the-note" theory, which has been rejected by courts in Texas. Defendants further assert that their relationship to the Note is irrelevant for purposes of a nonjudicial foreclosure under Texas law. The court agrees.

---

claims. Plaintiffs did not request and were not granted leave to assert new claims. Because the trespass to try title claim is not based on new facts or legal arguments, and Defendants did not object to Plaintiffs' inclusion of the claim in their Amended Complaint, the court will not strike the claim or the portion of the Amended Complaint containing Plaintiffs' allegations in this regard. Further, although, Defendants only address Plaintiffs' quiet title claim in their motions for judgment on the pleadings and summary judgment, the court determines that the issue is properly before the court because Plaintiffs addressed the claim in their summary judgment response, and, as noted, Plaintiffs' contentions with respect to this claim and their quiet title claim are essentially the same.

The Texas Uniform Commercial Code governs the procedure for establishing "holder" status. *See* Tex. Bus. & Com. Code Ann. §§ 3.201, 3.203, and 3.204 (West 2002) (providing the requirements for the negotiation, transfer, and endorsement of negotiable instruments). Nonjudicial foreclosure against collateral, however, "enforces the deed of trust, not the underlying note." *Lombardi v. Bank of America*, No. 3:13-CV-1464-O, 2014 WL 988541, at *6 (N.D. Tex. Mar. 13, 2014) (qutoing *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). For this reason, "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Id.* Thus, to foreclose through a deed of trust, a party need not prove that it owns and holds the note. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-55 (5th Cir. 2013).

Under the Texas Property Code, a "mortgagee" or "mortgage servicer" may administer a deed of trust foreclosure on behalf of a mortgagee. *Martins*, 722 F.3d at 255; Tex. Prop. Code Ann. §§ 51.0002, 51.0025. A mortgagee includes: "the grantee, beneficiary, owner, or holder of a security instrument." *Id.* § 51.0001(4). The "mortgage servicer" is the "last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). A mortgagee may be its own mortgage servicer. *Id.*

In this case, Defendants presented evidence that Deutsche Bank is the mortgagee as the result of an assignment of the Deed of Trust from MERS on October 3, 2011, and ASC has been the mortgage servicer since 2006. As a result, both have authority to foreclose on the Property pursuant to the Deed of Trust, regardless of whether the Note was properly negotiated. Accordingly, Plaintiffs' contention as to whether there was a proper negotiation of the Note is quite beside the

point. Plaintiff's argument in this regard is therefore unavailing and is insufficient to raise a genuine dispute of material fact in support of their quiet title and trespass to try title claims.

### 3. Defendants' Status as Lender

Plaintiffs finally contend that Defendants lacked authority to foreclose under the Deed of Trust because Deutsche Bank was not the "Lender" as that term is defined in the Deed of Trust. Pls.' Am. Compl. 9; Pls.' Resp. 15. For the reasons already explained, the court has determined that Defendants have authority as the mortgagee and mortgage servicer to foreclose on the Property. Moreover, the Deed of Trust expressly states: "Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest, including but not limited to, the rights to foreclose and sell the Property; and to take any action required of Lender." Defs.' App. 13; Pls.' App. 11. Further, the assignment of the Deed of Trust from MERS to Deutsche Bank provides that the Deed of Trust is being transferred with "the full benefit of all the power and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Deed of Trust." Defs.' App. 37; Pls.' App. 35. Accordingly, Plaintiffs' contention that Deutsche Bank could not foreclose on the Property because it was not the "Lender" is insufficient to raise a genuine dispute of material fact as to their quiet title and trespass to try title claims.

In sum, Plaintiffs have failed to raise a genuine dispute of material fact as to their quiet title and trespass to try title claims, based on any of the aforementioned flawed theories. Defendants presented evidence establishing their authority to foreclose on the Property as a result of the assignment of the Deed of Trust to Deutsche Bank. Plaintiffs, however, have not come forward with any evidence in response to demonstrate a superior title in the Property or "right, title, or ownership

in [themselves] with sufficient certainty to enable the court to see that [they have] a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn*, 321 S.W.3d at 521. Moreover, although Plaintiffs alleged in their Amended Complaint that they have been in possession of the Property since executing the Note and Deed of Trust, Defendants presented undisputed evidence that Plaintiffs were behind on their mortgage payments when Defendants attempted to foreclose on the Property in September 2012. Defendants also presented undisputed evidence that Plaintiffs have remained in the Property since October 2011 without making any mortgage payments. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiffs' quiet title and trespass to try title claims.

### B. Declaratory Judgment

The federal Declaratory Judgment Act ("DJA") provides that any federal court may declare the rights and legal relations of any interested party. The availability of relief under the DJA, however, depends on the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Because the court has determined that Plaintiffs' quiet title and trespass to try title claims fail, as a matter of law, they are not entitled to relief under the DJA, and their request for relief under the DJA will be denied.

### C. Attorney's Fees

Defendants contend in their summary judgment motion that they are entitled to reasonable attorney's fees and costs incurred in defending against Plaintiffs' claims. The court normally addresses the issue of attorney's fees postjudgment. Accordingly, after entry of judgment, Defendants may file, pursuant to Federal Rule of Civil Procedure 54(d), an application for attorney's fees and costs, and the court will determine at that time whether Defendants are entitled to attorney's

fees. Any application for attorney's fees and costs must be supported by legal authority and other supporting documentation, as the court normally decides such requests based on written submissions without a hearing.

## V.     Defendants' Rule 12(c) Motion

The court's determination regarding Defendants' summary judgment motion moots their request for judgment on the pleadings under Rule 12(c). The court will therefore deny as moot Defendants Wells Fargo Bank, N.A. and Deutsche Bank National Trust Company's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 41).

## VI.    Amendment

Because Plaintiffs' claims fail as a matter of law and are based on the same flawed legal theories included in their prior pleadings, the court concludes that any additional attempts at amendment would be futile. Moreover, Plaintiffs have not requested to further amend their pleadings; rather they steadfastly maintain that have stated viable claims and that a genuine dispute of material fact exists because:

> The summary judgment evidence shows that Plaintiffs' Note and/or Deed of Trust were not transferred in the manner or in the timing required by [the] Pooling and Servicing Agreement. Accordingly, the assignment of Plaintiffs' Note to the Defendant Deutsche Bank in October, 2011, was a void transaction. As a result, Defendants have no interest in Plaintiffs' Note or Deed of Trust and have no right to foreclose on the Plaintiffs' house.

Pls.' Resp. 18. The court therefore concludes that Plaintiffs have pleaded their "best case" and will not allow them an opportunity to further amend their pleadings. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## VII. Conclusion

For the reasons herein stated, the court concludes that Plaintiffs have failed to raise a genuine dispute of material fact as to their quiet title and trespass to try claims and their request for declaratory judgment.` Defendants are therefore entitled to judgment, as a matter of law, on Plaintiffs' quiet title and trespass to try title claims and their request for declaratory judgment. Accordingly, the court **grants** Defendants' Motion for Summary Judgment (Doc. 31); **denies as moot** Defendants Wells Fargo Bank, N.A. and Deutsche Bank National Trust Company's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 41); and **dismisses with prejudice** this action. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will issue judgment by separate document.

**It is so ordered** this 10th day of July, 2014.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge